UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LICENSING MATTERS GLOBAL, LIMITED

          Plaintiff,

vs.

BUZZFEED, INC.,

          Defendant.

CIVIL ACTION NO. 1:21-cv-08983 (PKC)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

WHEREAS, the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order—including, without limitation, the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt:

1. With respect to "Confidential Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Confidential – Outside Counsel Only" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly

- 1 -

permitted by this Order.

2. A Party or third party producing or disclosing Confidential Discovery Material ("Producing Party") may designate as "Confidential" only such material that it reasonably and in good faith believes consists of confidential or proprietary information used by it in, or pertaining to, its business which is not generally known and which the Producing Party would normally not reveal to third parties, or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans and marketing documents. A Producing Party may also designate Confidential Discovery Material as "Confidential – Outside Counsel Only" when the Producing Party has a good faith belief that the disclosure of such Discovery Material poses a risk of competitive harm to the Producing Party and therefore requires a heightened level of protection.

3. With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such Discovery Material as "Confidential" or "Confidential – Outside Counsel Only" by affixing a plainly visible Confidential designation/legend to the Discovery Material in a manner that will not interfere with legibility or audibility.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a portion thereof contains "Confidential" or "Confidential – Outside Counsel Only" Information in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential" or "Confidential – Outside Counsel Only" Information Governed by Protective Order; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Confidential – Outside Counsel Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the

entire deposition transcript as if it had been designated "Confidential – Outside Counsel Only."

5. Nothing contained in this Order shall (a) affect the right of any Party or third party to make any objection or claim of privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena or question at a deposition or to seek further relief or a protective order from the Court, (b) affect any right of any Producing Party to redact any information or materials for privilege, or (c) be construed as a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

6. Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action and their directors, officers, in-house counsel, employees and representatives, to the extent necessary for the prosecution or defense of this litigation;

(b) outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, to whom it is necessary that the materials be disclosed for purposes of this litigation, and who are working on this litigation under the direction of such attorneys;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form attached as Exhibit "A" hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith reasonably believes may be called to testify at trial or deposition in this action, and who counsel in good faith reasonably believes authored, reviewed or had personal knowledge of such material in the course of business, provided such person has first executed a Non-Disclosure Agreement in

the form attached as Exhibit "A" hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached as Exhibit "A" hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

7. Where a Producing Party has designated Discovery Material as "Confidential – Outside Counsel Only," other persons subject to this Order may disclose such information only to the following persons:

(a) outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(b) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, to whom it is necessary that the materials be disclosed for purposes of this litigation, and who are working on this litigation under the direction of such attorneys;

(c) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form attached as Exhibit "A" hereto;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) any witness who counsel for a Party in good faith reasonably believes may be called to testify at trial or deposition in this action, and who counsel in good faith reasonably believes authored, knew of or reviewed such material in the course of business, provided such person has first executed a Non-Disclosure Agreement in the form attached as Exhibit "A" hereto;

(f) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached as Exhibit "A" hereto;

(g) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(h) this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(f), or 6(g) or 7(c), 7(e), or 7(f) above, counsel must provide a copy of this Order to such person, and such person must sign a Non-Disclosure Agreement in the form attached as Exhibit "A" hereto stating that he or she has read this Order and agrees to be bound by its terms. Such counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request.

9. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a Party seeking to file an opposing Party's Confidential information shall so advise the opposing Party fourteen (14) days in advance specifying the precise portion of the information the Party seeks to use, the general purpose thereof and any redactions to which the Party does not object. Within seven (7) days thereafter, the Party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion of portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

11. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 3.B. of this Court's Individual Practices.

12. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party or third party with respect to its own documents or information produced in this action.

13. If at any time information designated as "Confidential" or "Confidential – Outside Counsel Only" and governed by this Order is subpoenaed or requested from a party by a court, an administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed (the "Subpoenaed Party") shall give prompt written notice by facsimile or email to all other parties and include a copy of the subpoena or request (unless providing disclosure of the subpoena or request is prohibited by law or court order). After the receipt of the notice specified under this paragraph, any party may seek any order is believes necessary to prevent the disclosure of documents or information designated "Confidential" or "Confidential – Outside Counsel Only." If the other parties do not move to quash the subpoena, move for a protective order, or seek another appropriate

order within the time allowed for the discovery sought by the subpoena or request (or within such time as a court may direct or as may be agreed upon) or give written notice of such motion to the subpoenaing or requesting party and the Subpoenaed Party, the Subpoenaed Party may commence production in response thereto on the date designated on the subpoena or request. In all other aspects, the Subpoenaed Party shall cooperate with any other party to the extent permitted by law. Notwithstanding the filing of a motion to quash or for protective order, nothing in this paragraph requires the Subpoenaed Party to withhold production of documents during the pendency of the motion if not permitted by law to do so.

14. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. If a party inadvertently fails to designate information or materials as "Confidential" or "Confidential – Outside Counsel Only" when producing or otherwise disclosing such information or materials, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information or materials disclosed, or as to any other information or materials relating thereto or on the same or related subject matter. If at any time before the trial of this action a Producing Party realizes that it should have designated as "Confidential" or "Confidential – Outside Counsel Only" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. As soon as the receiving party is informed by the Producing Party that it is designating previously produced information or materials as "Confidential" or "Confidential – Outside Counsel Only," the information must be treated as if it had been timely designated under this Protective Order.

16. Federal Rule of Evidence 502 shall apply to this case. The Parties agree, and the Court hereby orders, that the production or disclosure during discovery of an attorney-client privileged, attorney work product, or other protected document or information medium ("Protected Material") shall not be deemed a waiver of the privilege, work product, or other protection or

immunity from discovery by the Producing Party in this or in any subsequent state or federal proceeding. In the event information or materials subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is produced, upon request of the Producing Party, the documents, together with all copies thereof shall promptly (and no later than ten (10) days after receipt of such request) be returned forthwith to the Party claiming privilege and/or attorney work product protection without the need to show the production was inadvertent. The returning Party shall also destroy any notes made from the produced information or materials and certify in writing that they have been destroyed. Nothing in this paragraph shall prejudice any right of any Party to seek discovery of communications, documents, and things as to which a claim of privilege has been made.

17. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

*/s/Artin Betpera*
Counsel for and on behalf of Plaintiff,
Licensing Matters Global, Limited
Dated:

*/s/ James A. Lamberth*
Counsel for and on behalf of Defendant,
Buzzfeed, Inc.
Dated:

Dated: May 19, 2022

New York, New York

**SO ORDERED.**
Dated: New York, NY
06/23/2022

P. Kevin Castel
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

...................................................................

| | |
|---|---|
| LICENSING MATTERS GLOBAL, LIMITED<br><br>               Plaintiff,<br><br>vs.<br><br>BUZZFEED, INC.,<br><br>               Defendant. | CIVIL ACTION NO. 1:21-cv-08983<br><br>**NON-DISCLOSURE AGREEMENT** |

...................................................................

     I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential."  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                    _____

                                               Dated: