Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2216

troutman.com

troutman pepper

**James A. Lamberth**
james.lamberth@troutman.com

Application provisionally granted.
SO ORDERED.
DATED: 10/12/2022

P. Kevin Castel
United States District Judge

October 7, 2022

**VIA ECF**

Hon. P. Kevin Castel, District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:** ***Licensing Matters Global, Limited v. BuzzFeed, Inc., 1:21-cv-08983-PKC***

Dear Judge Castel:

Pursuant to Rule 5.B. of the Court's Individual Practices, Defendant/Counter-Plaintiff BuzzFeed, Inc. ("BuzzFeed") respectfully requests that the Court permit it to redact certain financial terms and numerical values that would permit someone to determine the financial terms of BuzzFeed's contract with Fackelmann GmBH + Co. KG ("Fackelmann") (the "Fackelmann Agreement") in the publicly filed versions of the papers BuzzFeed is filing in support of its motion for summary judgment, including its memorandum of law, its statement of material facts under Local Rule 56.1, and three supporting declarations with exhibits. As set forth below and in the supporting Declaration of David Arroyo, the weight of the presumption of access to these financial terms is low and public disclosure of these financial terms would cause competitive harm to BuzzFeed.

On June 23, 2022, the Court entered a Stipulated Confidentiality Agreement and Protective Order (ECF No. 36, the "Protective Order") that governs all discovery taken in connection with this action. Under the Protective Order, information may be designated "Confidential" or "Confidential – Outside Counsel Only." The Protective Order requires a party seeking to file a document under seal to seek an Order of this Court "addressing the specific documents or portions of documents to be sealed." (Protective Order ¶ 9.)

As directed by the Court's Individual Practices, BuzzFeed is publicly filing a copy of these documents with the proposed redactions and electronically filing under seal a copy of the unredacted documents with the proposed redactions highlighted. BuzzFeed is filing both sets of documents electronically through the ECF system and related to this letter motion.




**<u>The Court Should Permit BuzzFeed to Redact Certain Financial Terms in its Publicly Filed Summary Judgment Papers</u>**

Courts in this Circuit apply a three-step process to determine whether sealing certain documents is appropriate. *Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *8 (S.D.N.Y. Mar. 24, 2020). First, the court must determine whether the documents in question are judicial documents, to which "a common law presumption of access attaches[.]" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If the documents are judicial documents, the court "must determine the weight of that presumption." *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (alteration in original).) Finally, the court must balance this presumption against competing, countervailing factors, such as "the privacy interests of those resisting disclosure." *Id.* at 120 (citation omitted); *see also Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) ("[A] court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure.") Even where there is a strong presumption of public access, the Court may order that records be sealed when such sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation omitted).

Although motion papers are judicial documents, the weight of presumption of access is low when the information the party resisting disclosure "wants redacted is largely collateral to the factual and legal issues central to the resolution" of the motion before the court. *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017). Where, for example, the financial terms in a contract have no bearing on the court's analysis of a motion, "the presumption in favor of public access is low." *Graczyk*, 2020 WL 1435031, at *9. In such instances, the presumption "amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050).

Moreover, courts in this Circuit regularly permit parties to redact confidential financial information, such as the financial terms in a contract, that, if disclosed, might cause competitive harm. *Id.*; *see also Oliver Wyman, Inc.*, 282 F. Supp. 3d at 707 (permitting redaction of internal billing rates that "could place [plaintiff] at a competitive disadvantage by allowing competitors to undercut [plaintiff's] bids and capture a larger market share[]"); *In re Digit. Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (finding that information concerning "internal pricing strategies and competitive pricing data, is sufficiently sensitive to warrant redaction[]"); *McCracken v. Verisma Sys., Inc.*, 2017 WL 4250054, at *2 (W.D.N.Y. Sept. 26, 2017) (sealing document that contained "confidential financial information regarding . . . costs and expenses" and "proprietary and confidential pricing information"); *Hesse v. SunGard Sys., Int'l*, 2013 WL 174403, at *2–3 (S.D.N.Y. Jan. 14, 2013) (sealing exhibits that contained billing rates and project pricing). Under these circumstances, the privacy interest of the party that would be




competitively harmed by disclosure outweighs the public's interest in the disclosure of the information. *Graczyk*, 2020 WL 14350031, at *9.

Here, BuzzFeed seeks only to redact the financial terms in the Fackelmann Agreement, including the Royalty rates, Minimum Guarantee payment amounts, Advance payment amounts, and Marketing Fees. These numeric values have no bearing on the issues of contract interpretation that are central to the resolution of BuzzFeed's Motion for Summary Judgment. Accordingly, the presumption of public access to these financial terms is low. *Oliver Wyman, Inc.*, 282 F. Supp. 3d at 706; *Graczyk*, 2020 WL 1435031, at *9.

Additionally, the redactions that BuzzFeed requests are narrowly tailored to apply only to confidential financial terms that would, if revealed, cause competitive harm to BuzzFeed. These financial terms were negotiated by BuzzFeed and Fackelmann and constitute nonpublic and competitively sensitive information. (Decl. of David Arroyo ¶ 5.) BuzzFeed takes steps to ensure that the financial terms of the Fackelmann Agreement are treated as confidential, including by entering into the Protective Order. (*Id.* ¶¶ 6–7.) If these financial terms are publicly disclosed, BuzzFeed would suffer competitive harm. (*Id.* ¶ 9.) In particular, entities that receive this information could use it strategically to BuzzFeed's detriment in negotiations concerning licensing arrangements. (*Id.*) The competitive harm that BuzzFeed will suffer if these financial terms are disclosed outweighs the public's interest in the disclosure of these financial terms, and BuzzFeed should be permitted to redact them. *Graczyk*, 2020 WL 14350031, at *9; *Oliver Wyman, Inc.*, 282 F. Supp. 3d at 707.

**<u>Conclusion</u>**

For the reasons stated above, BuzzFeed respectfully requests that the Court enter an order permitting BuzzFeed to redact certain financial terms and numerical values that would permit someone to determine the financial terms in the publicly filed versions of its filings in support of its motion for summary judgment.

Sincerely,

*/s/ James A. Lamberth*

James A. Lamberth

cc: All Counsel of Record (via ECF)